IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN A. CHAMPION,** | : | CIVIL ACTION NO. 3:18-CV-2421 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **WARDEN GENE BEASLEY,** | : | |
| Respondent | : | |

**MEMORANDUM**

Petitioner John A. Champion, an inmate at the United States Penitentiary, Allenwood, Pennsylvania, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his 1999 second-degree murder conviction imposed by the Superior Court of the District of Columbia for second-degree murder while armed with a blunt object. He also claims prison officials confiscated, destroyed, or interfered with his legal property and mail in retaliation for his legal activities. The government has answered the petition and Champion has filed a reply. The court has reviewed the parties' submissions, and for the reasons that follow, we will dismiss the petition.

**I.     Factual Background & Procedural History**

On August 5, 1998, a D.C. Superior Court grand jury charged Champion with premeditated first-degree murder while armed, armed robbery of a senior citizen, and felony first-degree murder based on the murder of Louise Washington who died of blunt force trauma to the head. On February 11, 1999, Champion pled guilty to second-degree murder while armed with a blunt object. (Doc. 2). On April 2,

1999, the court sentenced Champion to a term of 20 years to life imprisonment. (Doc. 2-2 at 90).

> Although petitioner did not file a direct appeal, he twice collaterally attacked his conviction and sentence by filing pro se motions under D.C. Code § 23-110 in the Superior Court. The first was denied without prejudice on November 23, 2004 because petitioner failed to articulate adequately his claims for relief. The second, dated August 14, 2006, was denied without a hearing on December 9, 2009. Petitioner appealed this decision to the District of Columbia Court of Appeals, which affirmed the Superior Court's denial of the § 23-110 motion on March 1, 2011. The Supreme Court of the United States denied his petition for a writ of certiorari on October 3, 2011. Subsequently, on October 31, 2011, petitioner filed a motion in the Court of Appeals to recall its mandate; the motion was denied on November 18, 2011.

Champion v. United States, 947 F. Supp. 2d 84, 86 (D.D.C. 2013) (citations omitted).

On October 18, 2012, Champion filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the District of Columbia. (Doc. 2 at 40-69). He raised the following claims in his petition: ineffectiveness of plea and appellate counsel; Fourth Amendment challenges concerning his arrest and prearrest police activities; prosecutorial, police, and judicial misconduct; breach of his plea agreement; conviction of an offense (second-

2

degree murder) not found in the indictment; Brady, Giglio, and Napue violations;[1] discovery of new exculpatory evidence; trial-court error in failing to suppress the victim's dying declaration that "Tony did it;"[2] involuntariness of his guilty plea; and error by the D.C. Superior Court in denying his motion to vacate without a hearing. (Id.)  On May 31, 2013, the district court determined the statute of limitations barred Champion's 2254 petition and did not issue a certificate of appealability.  (Doc. 1-3 at 38-39).  The United States Court of Appeals for the District of Columbia Circuit denied Champion's request for a certificate of appealability and affirmed the findings of the district court.  (Doc. 1-3 at 41).  The D.C. District Court denied Champion's Rule 60(b) motion on December 5, 2014.  (Doc. 1 at 3).  The D.C. Circuit denied his appeal.  The United States Supreme Court denied Champion's petition for writ of *certiorari* on January 11, 2016.  (Id.)

In 2016, Champion filed another unsuccessful petition for relief in the D.C. Superior Court pursuant to D.C. Code § 23-110.  In that motion, he sought to withdraw his guilty plea, to obtain post-conviction discovery, and to remove inaccurate information from his presentence report.  He also asserted claims of

---

[1] In Brady v. Maryland, 373 U.S. 83 (1963), the Supreme Court ruled that the prosecution must disclose to the defense all exculpatory evidence, relevant to guilt or punishment, in its actual or constructive possession.  In Giglio v. United States, 405 U.S. 150 (1972), the Court ruled that the prosecution is required to disclose evidence relating to the credibility of a government witness when that witness's credibility is "an important issue in the case."  Id. at 155.  In Napue v. Illinois, 360 U.S. 264 (1959), the Supreme Court held that "a conviction obtained through the use of false evidence, known to be such by representatives of the State," violates the defendant's right to due process under the Fourteenth Amendment.  Id. at 269.

[2] Champion was known to the victim as "Tony".

prosecutorial, judicial, and police misconduct, and the ineffectiveness of both his plea and appellate counsel. (Doc. 1 at 4). On July 6, 2017, the D. C. Superior Court denied all of Champion's claims as procedurally barred. The court found Champion's claims of "ineffectiveness of counsel, judicial prosecutorial 'misconduct' and new DNA" were addressed in previous unsuccessful D.C. § 23-110 motions that D.C. Court of Appeals affirmed on appeal. (Doc. 1-1 at 19-20). To the extent Champion presented new ineffective-assistance-of-counsel claims, the court found them defaulted under the "abuse of writ" doctrine as Champion did not show cause for failing to raise the claims in prior motions. (Id. at 20). As the issues raised were vague, conclusory or procedurally defaulted, the court did not hold a hearing. (Id.) The D.C. Court of Appeals dismissed Champion's appeal on October 11, 2017. (Id. at 39).

On May 29, 2018, Champion filed a motion with the D.C. Circuit pursuant to 28 U.S.C. § 2244 seeking leave to file a second or successive writ of habeas corpus based on Class v. United States, 138 S. Ct. 798 (2018).[3] Champion argued his guilty plea is invalid and the discovery of new evidence. (Doc. 1-1 at 47-51). The D.C. Circuit denied the motion on September 11, 2018. (Id. at 13). The court held, in part, that

> petitioner has not made a *prima facie* showing that the Supreme Court has made Class v. United States, 138 S. Ct. 798, 803 (2018), retroactive to cases on collateral review. Moreover, none of the purported "newly

---

[3] In Class, the Supreme Court held that a criminal defendant's guilty plea does not implicitly waive his ability to argue the unconstitutionality of the statute of conviction on direct appeal. Class, 138 S. Ct. at 803.

4

> discovered evidence" petitioner identifies concerning his indictment and the Superior Court docket would be sufficient to establish that, but for constitutional error, no reasonable fact-finder would have found him guilty.

(Id. at 13 (citation omitted)).

Champion filed his petition in this matter on December 18, 2018. (Doc. 1). The 750 plus pages of exhibits filed in support of his petition include his pleadings and judicial orders attacking his conviction. (Docs. 1-1, 1-2, 1-3, 2, 2-1, 2-2, 2-3, 2-4). Champion argues "his § 23-110 remedy is inadequate or ineffective to test the legality of his detention." (Doc. 1 at 8). He alleges he "exhausted his local remedies having litigated every aspect of his claim in the local courts … [which] fail[ed] to fully consider[] the constitutional claims on the merits." (Id.)

In his petition, Champion argues the court should overturn his guilty plea conviction for second-degree murder because the charge did not appear in the indictment; his plea and appellate counsel were ineffective; his attorney coerced his plea; his presentence report contains false information; the plea colloquy transcript is inaccurate; the prosecution lacked probable cause to charge him with second-degree murder; there was judicial misconduct during his plea colloquy; there were Napue and Brady violations; and the D.C. Superior Court erroneously denied his D.C. Code § 23-110 motions and evidentiary hearings. (Id.) In the last pages of Champion's petition, he asserts "conditions-of-confinement" claims. He claims that in 2003, 2013, 2017, and 2018, prison staff retaliated against him by stealing some of his legal property. (Id. at 34-35). He also claims that staff interfered with his

5

telephone calls to family and friends and that his Unit Manager refuses to correct inaccurate information in his presentence investigation. (Id.)

The government filed a response and supporting exhibits on March 20, 2019. (Doc. 14). The government argues that Champion's retaliation claims should be dismissed as they are not cognizable in habeas and that the remaining issues should be transferred to the D.C. District Court or dismissed because Champion has not shown the remedy offered by D.C. Code § 23-110 is inadequate or ineffective to test the legality of his claims. (Id.) In his reply, Champion maintains his innocence and presents a summary of his habeas claims. (Doc. 15).

## II.   Discussion

### A.   Champion's Retaliation Claims

Federal law provides "two main avenues" of relief to incarcerated persons: a petition for writ of habeas corpus and a civil rights complaint. Muhammad v. Close, 540 U.S. 749, 750 (2004) (*per curiam*). "Although both § 1983 and habeas corpus allow prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive either in purpose or effect." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Muhammad, 540 U.S. at 750. "[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." Leamer, 288 F.3d at 542.

6

In his petition, Champion claims prison officials confiscated his legal materials and legal mail on various dates in retaliation for his legal activities. These allegations do not challenge the fact or duration of his confinement. His retaliation claim, if resolved in his favor would not alter his sentence or undo his conviction. Champion may not pursue claims of retaliation in his habeas petition but may advance them in a properly filed Bivens action.[4] The court will dismiss Champion's retaliation claims without prejudice.

### B. Champion's Habeas Claims

The D.C. Code spells out the procedure to challenge a D.C. Superior Court conviction or sentence. Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir.), on reh'g, 159 F.3d 591 (D.C. Cir. 1998). Specifically, § 23-110 provides the following remedy:

> (a) A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, [or] (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside or correct the sentence.

---

[4] As a § 1983 action applies only to state actors, it is not available to federal prisoners. There is a federal counterpart to § 1983 under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), to remedy the deprivation of certain constitutional rights. Bivens was recently limited by the Court in Ziglar v. Abbasi, 582 U.S. ___, 137 S. Ct. 1843 (2017), but we need not determine the impact, if any, of the Ziglar Court's ruling on Champion's potential retaliation claims as the issue is not before us.

D.C. Code § 23-110(a). Thus, prisoners serving sentences imposed by the D.C. Superior Court must file motions challenging their sentence in that court; federal courts are generally without jurisdiction to entertain motions to vacate, set aside, or correct a sentence imposed by the D.C. Superior Court. Swain v. Pressley, 430 U.S. 372, 377-78 (1977). D.C. Code § 23-110 also includes exclusivity language that renders the writ of habeas corpus unavailable to District of Columbia offenders unless their local remedy is inadequate or ineffective.[5] See D.C. Code § 23-110(g); Garris v. Lindsay, 794 F.2d 722, 726 (D.C. Cir. 1986) (*per curiam*) ("[A] District of Columbia prisoner has no recourse to a federal judicial form unless the local remedy is "inadequate or ineffective to test the legality of his detention.'") (internal citations omitted); see also Austin v. Miner, 235 F. App'x 48, 50 (3d Cir. 2007) (nonprecedential) (unless petitioner proves D.C. Code § 23-110 inadequate or ineffective, federal courts lack jurisdiction to entertain habeas corpus petition filed by D.C. offenders). D.C. Code § 23-110(g) "divests federal courts of jurisdiction to

---

[5] That provision states as follows:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g).

hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)." Williams v. Martinez, 586 F.3d 995, 998 (D.C. Cir. 2009).

A "determination as to whether the remedy available to a prisoner under § 23-110 is inadequate or ineffective hinges on the same considerations enabling federal prisoners to seek habeas relief: 28 U.S.C. § 2255 and D.C. Code § 23-110 are coextensive." Wilson v. Office of Chairperson, D.C. Bd. of Parole, 892 F. Supp. 277, 280 (D.D.C. 1995). The § 23-110 remedy is not inadequate or ineffective merely because the court considered the claim and denied relief. Id. Likewise, it is not inadequate or ineffective to test the legality of his detention because it prevents petitioner from raising claims that are similar or identical to those raised and denied on the merits in a prior motion. See Graham v. United States, 895 A.2d 305, 306 (D.C. 2006). Legislative limitations placed upon post-conviction remedies do not render the remedy inadequate or ineffective to allow pursuit of a federal habeas corpus petition, *In re* Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); "[i]t is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." Garris, 794 F.2d at 727.

Except for his ineffective-assistance-of-appellate-counsel claims,[6] Champion has not shown the inadequacy or ineffectiveness of the remedy under D.C. Code § 23-110. The language of D.C. Code § 23-110(g) is clear. This court lacks jurisdiction to entertain claims that were, or could be, presented to the D.C. Superior Court on a

---

[6] The D.C. Superior Court lacks jurisdiction to consider a § 23-110 motion challenging the effectiveness of appellate counsel. See Williams, 586 F.3d at 999.

9

§ 23-110(a) motion, unless Champion shows the ineffectiveness or inadequacy of the remedy to test the legality of his conviction. Champion's argument that his multiple efforts to challenge his conviction via § 23-110 have been unsuccessful does not make that remedy inadequate or ineffective. Wilson, 892 F. Supp. at 280. Champion's admission that he raised "every aspect of his claim[s] in the local courts" only confirms the availability, adequacy and effectiveness of the remedy provided by § 23-110 to test the validity of his conviction. (Doc. 1 at 8). Thus, Champion presents no facts suggesting that the remedy afforded him via § 23-110 is unavailable, inadequate or ineffective to address the claims raised in his present petition. Absent such a showing, this court lacks jurisdiction to hear Champion's § 2241 petition to test the validity of his conviction.

Regarding Champion's ineffectiveness-of-appellate-counsel claims, the D.C. Court of Appeals has held that such claims "trigger the safety valve provided by § 23-110's 'inadequate or ineffective' language, and therefore federal courts ha[ve] habeas jurisdiction over such a challenge." Ibrahim v. United States, 661 F.3d 1141, 1142 (D.C. Cir. 2011) (citing Watson v. United States, 536 A.2d 1056, 1060 (D.C. 1987); Williams, 586 F.3d at 998–1001). That finding alone, however, provides no assistance to Champion in his quest for the court to address his ineffective-assistance-of-appellate-counsel claims presented in his § 2241 petition.

Section 2241 authorizes district courts to issue a writ of habeas corpus to a state or federal prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254 is more specific and confers jurisdiction on district courts to "entertain an application for a

writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[A] state prisoner challenging the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 rather than § 2241." Washington v. Sobina, 509 F.3d 613, 618 n. 5 (3d Cir. 2007) (citing Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001)).

D.C. offenders are considered state prisoners under 28 U.S.C. § 2253(c)(1)(A). See Madley v. U.S. Parole Comm'n, 278 F.3d 1306, 1308 (D.C. Cir. 2002); see also Champion, 947 F. Supp. 2d at 87 ("Petitioner is serving a criminal sentence imposed by the Superior Court of the District of Columbia and is considered a state prisoner for purposes of federal habeas relief."). Thus, Champion, while housed in a federal correctional facility, is a state prisoner and must proceed under § 2254 because he is challenging his state sentence. See Felker v. Turpin, 518 U.S. 651, 662 (1996) ("authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to a person in custody pursuant to the judgement of a state court"); see also DeVaughn v. Dodrill, 145 F. App'x 392, 394 (3d Cir. 2005) (nonprecedential) (*per curiam*) ("A prisoner challenging either the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 and may not proceed under § 2241."). Furthermore, the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed by § 2254. Section 2254 contains a one-year statute of limitations regarding the timely filing of a petition, and "Congress

11

has restricted the availability of second and successive petitions through Section 2244(b)." Coady, 251 F.3d at 484. Allowing Champion, who has already filed one § untimely 2254 petition and been denied permission to file a second, to proceed under § 2241 would circumvent these restrictions and thwart congressional intent. Id. at 484-85. Thus, we conclude that this court lacks jurisdiction to consider Champion's § 2241 petition.

### III. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a "final order in a habeas proceeding in which the detention complained of arises out of process issued by a State court." See 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473,

484 (2000). Here, jurists of reason would not find the disposition of this case debatable. Accordingly, a COA will not issue.

## IV. Conclusion

Based on the foregoing, the court will dismiss Champion's retaliation claims without prejudice to any his right he may have to file a civil rights action concerning those allegations. Because Champion is a D.C. offender, and has failed to demonstrate that the remedy provided by the D.C. Code is inadequate or ineffective to test the legality of his conviction as to all but his ineffective-assistance-of-appellate-counsel claims, the court lacks jurisdiction over these claims. To the extent Champion sought to raise ineffectiveness-assistance-of- appellate-counsel claims, he must advance such claims in a properly filed § 2254 petition and not a § 2241 petition. These claims will be dismissed without prejudice to Champion's right to raise these claims in a properly filed § 2254 petition.

An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: June 26, 2020